McKinNey, J.,
delivered the opinion of the Court..
This was an action of trespass quare clausum fregit.. The question presented for our determination is, mainly, one of boundary.
The .plaintiff claims, under a conveyance from the-heirs of Hardy Murfree. The ..proof shows, that on the-13th ’ of October, 1791, one Harney, who was the grantee of a tract of 7200 acres, from the State of North Carolina, conveyed to H. Murfree 1440 acres lying in the southwest corner of said grant. Said conveyance calls to begin at a large sugar tree, the southwest corner of the Harney grant; thence along the line of said grant north, 792 poles; thence* east 291 poles; thence-south 792 poles, to Harney’s line; thence west, with his line, 291 poles, to the beginning. On the 10th of' October, 1808, H. Murfree, by a memorandum in writ *274 ing, contracted to sell said land to the plaintiff, Wood-folk ; and after the death of said Murfree, to-wit, on the 23d of October, 1828, his heirs made a conveyance in pursuance of said contract made by their ancestor. This conveyance pursues, precisely, the calls of the deed from Harney to Murfree, above set forth; no object or la/nd-mark being called for, except the large sugar tree, the beginning corner, which is described as a corner of Harney’s grant.
The proof shows, that in 1809, Hardy Murfree and the plaintiff procured a survey to be made of the 1440 acres above described. This survey was made, as it seems, at their own suggestion, without the knowledge or concurrence of the adjoining: owners. They commenced at, what was assumed by them to be, the sugar tree called for as the southwestern corner of the Har-ney grant; and run and marked the several lines, according to the courses and distances called for in the deeds from Harney to Murfree, and from the heirs of the latter to the plaintiff. And the plaintiff insists, that by this survey and marking of the lines, the location and boundaries of said land were definitely fixed as against all persons. This is denied -on the part of the defendant, who alleges that said survey was an entire departure from the true calls of the deeds from Harney to Murfree, and from the heirs of the latter to plaintiff. The defendant insists that the sugar tree, the •southwest corner of the Harney grant and the beginning corner of his conveyance to Murfree, stood perhaps 100 poles west of the sugar tree at which the plaintiff’s survey was commenced.
If the sugar tree claimed by the defendant be the *275 true beginning of tbe 1440 acre tract, then, to run the lines according to course and distance from that point, the land upon which the alleged trespass was committed is not covered by the plaintiff’s conveyance, but it is otherwise, if the sugar tree claimed by the plaintiff is to be regarded as the corner.
The first question, then, is a simple question of fact; which is the southwest corner of the Harney grant? The jury established the corner as claimed by the defendant; and all we need say upon this point is, that notwithstanding the conflicting and contradictory character of the proof, we think the decided preponderance is in support of the verdict.
The next question is, whether the instruction to the jury was correct ? The Court, in effect, charged that the plaintiff was entitled to the land covered by his deed from Murfree’s heirs. But that for an alleged trespass on land, outside of the proper boundary of the deed, though within the boundary fixed by the survey made in 1809, the plaintiff could not recover. This instruction, with reference to the facts of this particular case, we think was correct.
It will be borne in mind, as before remarked, that the calls of the deed to the plaintiff, are identical with the calls of the conveyance from the grantee to Hardy Murfree, in 1791. In both deeds the 1440 acre tract is bounded, on the south and west, by the lines of the original grant to Harney, and by these lines the location of the land must be fixed; for, it will be observed, the isolated question for our determination upon this record, is the proper location and boundary of said tract.
If, in truth, the southwestern corner of the grant, *276 which was made the beginning of the 1440 acres, was an established corner, was it competent to the plaintiff or his vendor, by an ex parte survey in 1809, to depart from that corner and the line called for in the deed, running thence with the line of the grant 792 poles, and to establish a new corner and line 100 poles east of the true corner and western boundary of the tract? We think not. And the parties themselves seem to have so regarded it; for the conveyance from Mur-free’s heirs to the plaintiff does not purport to be based upon the survey of 1809. It does not pursue the marked lines then made. But, on the contrary, exactly conforms to the calls of Harney’s conveyance. Whether or not the plaintiff, if his conveyance had pursued the survey of 1809, could have been regarded as entitled to hold the land included therein, upon the facts of this case, is a question not presented by this record, and we express no opinion upon it.
Judgment affirmed.